BRIAN R. HOCH, ESQ.
Attorney for BYRAM CONCRETE & SUPPLY, INC.
Three Barker Avenue
White Plains, New York 10601
(914) 421-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BYRAM CONCRETE & SUPPLY, INC. and
BYRAM READY MIX, INC.,                                    Related SDNY
                                                          Bankruptcy 09-22037 (ASH)

                      Plaintiffs,          District Court
                                                          Index No.: 09-CV3737
      -against-

CITY OF NEW ROCHELLE, FRANK TRICARICO          Supreme Court –West.County
CONTRACTORS, INC. and FRANK TRICARICO,             Index No. 433/09

                      Defendants.
-------------------------------------------------------------------x

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

     BYRAM CONCRETE & SUPPLY, INC. (referred to herein as the "<u>Debtor</u>" or

"<u>Byram</u>"), by its attorney Brian R. Hoch, Esq., respectfully provides notice to this Court

of removal of the above-captioned action from the Supreme Court of the State of New

York, County of Westchester, to the United States District Court for the Southern District

of New York, and respectfully represents as follows:

     1.     On or about January 8, 2009, BYRAM CONCRETE & SUPPLY, INC.,

one of the Plaintiffs and Debtor herein, ("Plaintiff") filed the Summons and Complaint

against the above-captioned Defendants in Supreme Court, Westchester County (the

"State Court"), a copy of which is attached hereto as Exhibit "A".

2.     The action has been assigned Index Number 433/09 in the State Court.

3.     On or about February 24, 2009, Defendant FRANK TRICARICO CONTRACTORS, INC. and FRANK TRICARICO filed an Answer containing counterclaims, a copy of which is annexed hereto as Exhibit "B".

4.     On or about March 20, 2009, Defendant CITY OF NEW ROCHELLE filed an Answer, a copy of which is annexed hereto as Exhibit C.

5.     On or about January 11, 2009, Byram filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York, Index No. 09-22037 (ASH).

6.     This Notice of Removal is filed in the capacity of Byram as a co-Plaintiff and counterclaim Defendant.  The claims of Byram in the Complaint and the counterclaims are inextricably intertwined and thus cannot, with judicial economy, be determined separately.  A separate determination of the claims of Byram in the Complaint and the counterclaims would lead to a risk of conflicting and/or inconsistent results.

7.     The process and pleadings within the meaning of 28 U.S.C. Section 1446(a) and 1452 are annexed hereto.

8.     This action is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(A),(B),(C), and(O) in that the action concerns (i) claims against the estate, and (ii) the ability of the Debtor to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

9.     The Notice of Removal is filed within 90 days of the filing of the petition, making this removal timely pursuant to Rule 9027 of the Federal Rules of Bankruptcy

Procedure.

10.     The Debtor was continued in possession of its property and management
of their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Code.

11.     Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of
reference of the United States District Court for the Southern District of New York issued
pursuant to 28 U.S.C. §157, the Bankruptcy Court has jurisdiction over the allowance and
disallowance of claims.  Consequently, the above-captioned action which involves the
disposition of property of the Debtor as well as the proper administration of the Debtor's
bankruptcy estate should be decided by the Honorable Judge assigned to these
proceedings.  This action is a civil action of which this Court has original jurisdiction
under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this
Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452 in that the
matter in controversy is a civil action related to a bankruptcy case.

Dated:  April 13, 2009

                            _(s)_____
                            BRIAN R. HOCH, ESQ.
                            Attorney for BYRAM CONCRETE & SUPPLY,
INC.

                            Three Barker Avenue
                            White Plains, New York 10601
                            (914) 421-1900

TO:    McDONOUGH LAW FIRM, L.L.P.
        Attorneys for Defendants FRANK TRICARICO CONTRACTORS, INC. AND
        FRANK TRICARICO
        145 Huguenot Street
        New Rochelle, New York 10801
        (914) 632-4700

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
    Attorneys for THE CITY OF NEW ROCHELLE
    3 Gannett Drive
    White Plains, New York 10604
    (914) 632-4700

CERTIFICATE OF SERVICE

The undersigned certifies that on April 13, 2009, a copy of the Plaintiff, BYRAM CONCRETE & SUPPLY, INC.'s,  Notice of Removal  was served upon the following counsel via regular mail addressed to each of them at the address designed for such purpose:

>           The McDonough Law Firm, LLP
>           145 Huguenot Street
>           New Rochelle, New York 10801

and

>           Wilson, Elser, Moskowitz, Edelman & Dicker
>           3 Gannett Drive
>           White Plains, New York 10801

Dated:  White Plains, New York
        April 13, 2009

>                    (s)_____
>                    BRIAN R. HOCH, ESQ. (BH 5369)

Blumneq'S

r· <u>Proaets</u>

- Summons without Notice, Blank Court
    Personal or Substituted Service. 12 pt. type, 4-94

www.blumberg.com

BBO110αR Veston. Publisher, NYC 10013

SUPREME *COURT* OF THE STATE OF NEW YORK *COUNTY* OFWESTCHESTER
BYRAM CONCRETE & SUPPLY, INC. and BYRAM READY MIX, INC.,

Index *No.* **OS** (og

Date purchased /

Plaintiff(s) designate(s) Westchest-er
County as the place of trial.

*against*

CITY OF NEW ROCHELLE, FRANK TRICARICO CONTRACTORS, INC. and FRANK
TRICARICO,

*Plaintiff(s)*

= :

# UMMIM
*Defendant(s)*

The basis *of* the venue is Plaintiff's principal place of business

Plaintiff(s)reside(s)at 56 Lafavette Avenue, White Plains, New York :10603
County *of* Westchester
To the above named Defendant(s)

**19ou are bertbp !5untmoneb** to answer the complaint in this action, and to serve a
*copy of* your answer, or, if the complaint is not served with this summons, to serve a notice
*of* appearance, on the Plaintiff's Attorney(s) within 2 0 days after the service of this
summons, exclusive of the day of service (or within *30* days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded **in** this complaint.

BRIAN R. HOCH, ESQ.

Dated,December 10, 2008

Defendant's address: See attached

BRIAN R. HOCH, ESQ.

Attorney(s) for Plaintiff
Plaintiffs
Office and
Post Office

Address 3
Barker
Avenue
White Plains, New
York 10601 914-
421-1900

*A ₁oI,~*





Defendants' Addresses:

CITY OF NEW ROCHELLE 515 North Avenue
New Rochelle, New York 10801


FRANK TRICARICO CONTRACTORS, INC. c/o Frank Tricarico
771 Forest Avenue
Larchmont, New York 10538

FRANK TRICARICO
771 Forest Avenue Larchmont, New York 10538

SUPREME COURT OF THE STATE OF NEW YORK COUNTY
OF WESTCHESTER
                                                            x

 BYRAM CONCRETE & SUPPLY, INC. and
 BYRAM READY MIX, INC.,
VERIFIED COMP

Index No. ~&3 /0!(
        -against
*af,q*
CITY OF NEW ROCHELLE, FRANK TRICARICO                              ~®
CONTRACTORS, INC. and FRANK TRICARICO,

Defendants.                                                                    ¹ ·ᵥ®

                                    x

      Plaintiffs, BYRAM CONCRETE & SUPPLY, INC. and BYRAM READY MIX,
INC °~4'~

by their attorney, **BRIAN R. HOCH, ESQ.,** as and for their Verified Complaint

against Defendants, allege:


      <u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>

      1. That at all times hereinafter mentioned, Plaintiffs were domestic corporations

organized pursuant to the laws of the State of New York with principal offices located

at 56 Lafayette Avenue, White Plains, New York 10603.

      2.     That upon information and belief, at all times hereinafter mentioned,

Defendant CITY OF NEW ROCHELLE ("CITY") was, and still is, a public corporation

duly organized and existing under the laws of the State of New York and is made a

Defendant to this action solely by reason of the fact that Defendant is in possession of funds

due and owing to Defendant FRANK TRICARICO CONTRACTORS, INC. under the

contract hereinafter described.

      3.     That upon information and belief, at all times hereinafter mentioned,

Defendant FRANK TRICARICO CONTRACTORS, INC. was a domestic corporation

organized pursuant

      Plaintiffs,




1

to the laws of the State of New York with principal offices located in the County of Bronx, City and State of New York.

4.      That upon information and belief, Defendant FRANK TRICARICO was, and still is, an officer/director/shareholder of Defendant FRANK TRICARICO CONTRACTORS, INC. and resides in the County of Westchester, State of New York.

5.      That upon information and belief, prior to August 15, 2006, Defendant FRANK TRICARICO CONTRACTORS, INC. entered into an agreement with Defendant CITY for construction of a certain public improvement, to wit: the North Avenue Widening Project in the City of New Rochelle, Project No. 04-597-P9 (the "Project").

6.      That upon information and belief, Defendant FRANK TRICARICO CONTRACTORS, INC. duly performed all of the terms of said contract with Defendant CITY on its part to be performed.

7.      That subsequent to the making of said contract and during the performance thereof and between August 16, 2006 and September 15, 2007, Plaintifsf furnished to Defendant CITY through Defendant FRANK TRICARICO CONTRACTORS, INC. certain materials for the construction of said public improvement, which materials were in fact used in the construction of said improvement, to wit: concrete and other masonry supplies for which there remains a balance due Plaintiffs in the total sum of One Hundred Forty-One Thousand Four Hundred Six & 75/100 ($141,406.75) Dollars, no part of which sum has been paid.

8. That on or about February 28th and February 29th, 2008, prior to the time when the construction of said public improvement was completed or accepted, Plaintiffs duly filed in the offices of Defendant CITY Notices of Mechanic's Lien, true and complete

copies of which are annexed hereto as Exhibits A and B respectively.

2

9.      Said Notices of Lien were in writing, verified by the lienors, stated the names

and residences of the lienors, the name of the contractor to whom the aforesaid materials

were furnished, the amount claimed to be due and the date when due, a description of the

public improvement upon which the materials were expended, the kind of materials

furnished, and a general description of the contract pursuant to which the public improvement

was constructed.

10.     That said Notices of Lien were also duly served upon Defendant

FRANK TRICARICO CONTRACTORS, INC. as per the statute (Exhibit C and D

respectively).

11.     Neither said liens nor the claims upon which they are based have been

paid, waived, cancelled or discharged, and no action or proceeding other than this action

has been brought to foreclose or to enforce said lien or claim other than this action.

12.     That upon information and belief, the amount claimed herein by Plaintiffs

does not exceed the amount still due and owing from Defendant CITY to Defendant

FRANK TRICARICO CONTRACTORS, INC.

13.     That by reason of the foregoing, Plaintiffs have acquired valid liens upon said

contract and upon the monies in the control of Defendant CITY applicable to the construction

of said public improvement, to the extent of One Hundred Forty-One Thousand Four

Hundred Six & 75/100 ($141,406.75) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT FRANK TRICARICO

CONTRACTORS, INC.

14.     Plaintiffs repeat and reallege each and every allegation contained in

Paragraphs 1 through 13 of this Verified Complaint as if herein set forth at length.

15.     That on or about August 16, 2006, Plaintiffs entered into a contract with

Defendant FRANK TRICARICO CONTRACTORS, INC. wherein Plaintiffs agreed to

supply

3

concrete and other masonry materials to Defendant for the public improvement contract

between Defendant CITY and Defendant FRANK TRICARICO CONTRACTORS, INC.

16.     That Plaintiffs have complied with all of the terms and provisions of the

parties' contract and duly demanded payment from Defendant for the amounts due and

owing, which payment has been refused and or neglected by the Defendant.

17. That as a result of Defendant's breach of its contract with Plaintiffs, Plaintiffs

Plaintiffs have been damaged in the sum of One Hundred Forty-One Thousand Four

Hundred Six & 75/100 ($141,406.75) Dollars with interest thereon from September 15,

2007.

AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANT FRANK TRICARICO
CONTRACTORS INC.AND A FIRST CAUSE OF ACTION
AGAINST DEFENDANT
FRANK TRICARICO.

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

Paragraphs 1 through 17 of the within Verified Complaint with the same force and effect

as if fully set forth herein at length.

19. That upon information and belief, Defendant FRANK TRICARICO CONTRACTORS, INC. was paid by Defendant CITY for the work and materials provided by Plaintiffs for this project. That the funds to which Plaintiffs were entitled were received by Defendant FRANK TRICARICO CONTRACTORS, INC. exclusively pursuant to Defendant's contract with Defendant CITY for the public improvement project described herein.

20. That based upon the foregoing, Defendant FRANK TRICARICO CONTRACTORS, INC. has made unauthorized, illegal, unjustified and improper payments and diversion of trust funds as a matter of law.

4

21. That the Defendant FRANK TRICARICO CONTRACTORS, INC.'s improper use of such funds was with notice and knowledge of both the source thereof and of Plaintiffs' claims for the balances due Plaintiffs on this project.

22. That by accepting, retaining and failing to pay such proceeds to Plaintiffs as required by law, Defendant FRANK TRICARICO CONTRACTORS, INC. diverted these funds from Plaintiffs who are entitled by statute to be beneficiaries thereof.

23. That such monies received by Defendant FRANK TRICARICO CONTRACTORS, INC. were statutory trust funds and were required by law to be first applied to the payment of Plaintiffs' claims and thus, the Defendant's diversion thereof was unlawful.

24. That by reason of the foregoing, Defendant FRANK TRICARICO CONTRACTORS, INC. violated §77 of the Lien Law of the State of New York.

25. That upon information and belief, Defendant FRANK TRICARICO

CONTRACTORS, INC. did not maintain any accounting records to reflect the establishment of any trust fund for the protection of Plaintiffs and other contractors and materialmen on this construction project.

26. That pursuant to §79 of the Lien Law of the State of New York, Defendant FRANK TRICARICO CONTRACTOR 1NC.'s failure to maintain the books and records as required by §75 of the Lien Law of the State of New York is presumptive evidence-that the Defendant as trustee, applied or consented to the application of trust funds received for purposes other than trust purposes as stated in §71 of the Lien Law of the State of New York.

27. That in addition, pursuant to §79a of the Lien Law of the State of New York, any officer or director of a trust arising under Article 3a of the Lien Law of the State of New York

5

who applies or consents to the application of trust funds received not for purposes of that trust is <u>personallv</u> liable to the beneficiaries of the trust.

28. Accordingly, Defendant FRANK TRICARICO as an officer and principal of Defendant FRANK TRICARICO CONTRACTORS, INC. is personally liable to Plaintiffs for the violations of the Lien Law stated herein.

29. That in addition, due to the Defendants' violation of the statutes in receiving trust funds without paying monies due to Plaintiffs, Plaintiffs are also entitled to recover exemplary damages and counsel fees against Defendants FRANK TRICARICO CONTRACTORS, INC. and FRANK TRICARICO.

<u>AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT<br>FRANK TRICARICO CONTRACRTORS, INC.</u>

30. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1

through 29 of this Verified Complaint as if herein set forth at length.

31. That Plaintiffs have made and delivered to Defendant monthly statements of

Defendant's accounts with Plaintiffs which reflect the sum of $141,406.75 being due and

owing to Plaintiffs by Defendant.

32. That Defendant has retained said statement without any objection thereto.

33. That by reason of the foregoing, Defendant is justly indebted to Plaintiffs in

the sum of $141, 406.75 with interest from September 15, 2007.

<u>AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
DEFENDANT F°• K TRICARICO
CONTRACTORS IN(:.</u>

34. Plaintiffs repeat and reallege each and every allegation contained in

Paragraphs 1 through 33 of this Verified Complaint as if set forth herein at length.

6

35. That based upon the foregoing, Defendant has been unjustly

enriched by Plaintiffs.

36. That by reason of the foregoing, Plaintiffs have been damaged in the sum of

$141, 406.75 with interest from September 15, 2007.

WHEREFORE, Plaintiffs demand judgment as follows:

1. That Plaintiffs be adjudged to have a valid lien upon the monies of the Defendant

CITY OF NEW ROCHELLE applicable to the construction of said public improvement, and

to become due under said contract, in the sum of One Hundred Forty-One Thousand Four

Hundred Six & 75/100 ($141,406.75) Dollars with interest thereon from September 15,

2007.

2.      That Defendant CITY OF NEW ROCHELLE be directed to pay over to Plaintiffs said sum of One Hundred Forty-One Thousand Four Hundred Six & 75/100 ($141,406.75) Dollars with interest thereon from September 15, 2007, together with the costs and disbursements of this action, and that Plaintiffs have judguient therefore.

3. That in addition thereto, or in the alternative, Plaintiffs have judguif;nt against Defendant FRANK TRICARICO CONTRACTORS, INC. in the sum of One Hundred FortyOne Thousand Four Hundred Six & 75/100 ($141,406.75) Dollars with interest thereon from September 15, 2007.

4. That Defendants FRANK TRICARICO CONTRACTORS, INC. and FRANK TRICARICO be held liable to Plaintiffs in the sum of One Hundred Forty-One. Thousand Four Hundred Six & 75/100 ($141,406.75) Dollars with interest from September 15, 2007 together with an award of reasonable counsel fees and exemplary damages in the amount of $500,000.00.

7

5. That the Plaintiffs herein have such other and further relief as to the Court may seem just, proper and equitable in the premises together with the costs and disbursements of this action.

Dated: White Plains, New York December 10, 2008

BRIAN R. HOCH, ESQ.
Attorney for Plaintiffs 3
Barker Avenue
White Plains, New York 10601
(914) 421-1900



8

<u>VERIFICATION</u>

STATE OF NEW YORK     )
                         )
ss.: COUNTY OF
WESTCHESTER)

     I, LEONARD J. LUISO am the President of BYRAM CONCRETE & SUPPLY, INC. and BYRAM READY MIX, INC., Plaintiffs in the above-entitled action.

     I have read the foregoing Verified Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

              of               ,2008

                             Sworn to before „me this





MAN R. HOCH
Notary "°.eb€'sc. vt'ate of New York
Nc, 0,P-H04332691

in `dt'estc.hes er **C 'ra~q**

Expires

`".~



NOTICE UNDER MECHANIC'S LIEN LAW FOR ACCOUNT OF PUBLIC IMPROVEMENT

To the City of New Rochelle, Department of Public Works, 515 North Avenue, New Rochelle, New York 10801.

     PLEASE TAKE NOTICE, that BYRAM CONCRETE & SUPPLY, INC., being a New York corporation whose business address is at 56 Lafayette Avenue, White Plains, New York 10603 and whose principal place of business is at 56 Lafayette Avenue, White Plains, New York 10603, has and claims a lien for the principal and interest of the agreed price and value of the labor and material hereinafter mentioned upon the moneys of such municipal corporation applicable to the construction of the public improvement hereinafter mentioned, to the extent of the amount due or to become due in and on the contract with said

municipal corporation hereinafter described, and hereby further state:

1. The name of the contractor for whom the labor was performed and materials furnished is Frank Tricarico Contractors, Inc., 3951 Provost Avenue, Bronx, New York 10466.

2. The amount due or to become due the lienor if $54,941.41. The amount due the lienor is $54,941.41. The total amount claimed to be due or to become due for which this lien is filed is $54,941.41.

3. A description of the public improvement upon which the labor was performed and materials expended is as follows:

   Widening of North Avenue in the City of New Rochelle, County of Westchester and State of New York, Project No. 04-597-P9.

4. The labor performed was none.

   The material furnished was concrete and other masonry supplies.

   The material actually manufactured for but not delivered to said public improvement is: none.

5. A general description of the contract pursuant to which such public improvement was constructed is as follows:

   Widening of North Avenue in the City of New Rochelle, County of Westchester, State of New York, Project No. 04-597-P9.

6. The labor and materials above specified were actually performed and furnished, and had been actually used in the execution of the contract aforementioned; and the materials actually manufactured for, but not delivered to, the improvement were actually so manufactured for use in the execution of the said contract.

7. Thirty days have not elapsed since the completion and acceptance of the construction of said public improvement.

8. The statements and matters in paragraphs numbered 3 and 5 herein are alleged on information and belief.

Dated: February 21, 2008

                                    BY' • CONCRE            SLTrPLY, INC.

                    By:


Leonard J. Luiso, President

## ACKNOWLEDGMENT

STATE OF NEW YORK     )
                           )
 ss.: COUNTY OF
WESTCHESTER )

LEONARD J. LUISO, being duly sworn, deposes and says that deponent is the President of BYRAM CONCRETE & SUPPLY, INC. herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters believes them to be true.

The reason why this verification is made by deponent is that deponent is an officer, to wit, the President of BYRAM CONCRETE & SUPPLY, INC. which is a domestic corporation, and deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: books and records of the corporation.

Ad - -, X , . Ago

Leonard ~ **jr** . iso



**BRIAN R. HOCH**
Notary Public, State of New York
No. 021-1048332691 Qualified in Vti'eesfohe ter
Gcmml ssion Expires



x

BYRAM CONCRETE & SUPPLY, INC., 56 Lafayette Avenue White
Plains, N.Y. 10603

                Claimant

   -against

FRANK TRICARICO CONTRACTORS, INC.

                                x

Amount:     $54,941.41

NOTICE UNDER MECHANIC'S LIEN LAW FOR ACCOUNT OF PUBLIC

IMPROVEMENT

                 BRIAN R. HOCH,
                 ESQ. Attorney for
                 Lienor 3 Barker
                 Avenue
                 White Plains, New York
                 10601 (914) 421-1900

AFFIRMATION OF SERVICE

     BRIAN R. HOCH, ESQ. an attorney duly admitted to practice; law before

the Courts of the State of New York hereby affirms the following under the penalties of

perjury:

1. On February 27, 2008, I served a Notice Under Mechanic's Lien Law For Account of Public Improvement by certified mail return-receipt requested to:

> Commissioner of Finance
> City of New
> Rochelle 515
> North Avenue
> New Rochelle, New York 10801

Dated: White Plains, New York February 27, 2008



AFFIRMATION OF SERVICE

BRIAN R. HOCH, ESQ. an attorney duly admitted to practice law before

the Courts of the State of New York hereby affirms the following under the penalties of

perjury:

1.' On February 27, 2008, I served a Notice Under Mechanic's Lien Law For Account of Public Improvement by certified mail return-receipt requested to:

> City of New Rochelle
> Department of Public
> Works
> 515 North Avenue
> New Rochelle, New York 10801

Dated: White Plains, New York February 27, 2008

BRIAN R. HOCH, ESQ.



m

## U.S. Postal Service,,,, CERTIFIED MAIL,,,, RECEIPT

(Domestic *Mail Only; No Insurance Coverage Provided)* F r delivery information visit our vuebsite at www.usps_comi,



*to*



Return Receipt Fee (Endorsement Required)

Restricted Detivery Fee (Endorsement Required)

PS Form 3800. August 2006                    See Reverse for Instructions

U.S. Postal Service m,

N    (DorWstic Mail Only; No Insurance Coverage Provided)

rn

ED    Fa dblivery information visit our website at www.usps,come

C

m

0    Postage    $

Certified Fee

ra

0    Return Receipt Fee                    Postmark
O    (Endorsement Required)                Here

G3

Restricted Delivery Fee
O    (Endorsement Required)

Lr)

ra    Total Postage & Fees

R I

nt

Q N

**c. • SENDER:**

n
- 0 Complete items 1 and/or 2 for additional service*, _
-    Complete items 3,4a, and 4b.
i'r   o Print your name and address on the reverse of this form sr
-    card to you.
    13 Attach this form to the front of the mailpiece, or on the bac

I also wish to receive the following services (for an extra fee):

that we can return this
ar

U .

2. p Restricted Delivery

4a. Article Number

*7006 QISO 00⁰ r 6 o37 f 613* =

4b Service Type

1 • 0 Addressee's Address
if space does not

permit

o Write *'Return Receipt Requested'* on the mailpiece below he article number.
o The Return Receipt will show to whom the article was deli iered and the date p delivered.
v w m

E

3. Article Addressed to:

s• o S' ˋˋ1o r $X$



w

G G G

D Registered                         kṛtified                    d
                                     ~~e                        °C
                                                                171
~ E~ress Mail                        DInsured 7°
                                                                N

Return Receipt for Merchandise 0 COD
5. Received By: *(Print Name)*

6. Signature *(A es§ebrAgent)*

p
a                    ~⅞d Dil~l *t″* . ~
y
     PS Form 381 , December 1994

7. Date of Delivery

e
*fee Is paid)*

W

⅙

*ted and* ' 8. Addressee's Address (Only *lf reques*

102595-99-B-o223 Domestic Return Receipt

**d SENDER: v**

- 0 Complete items 1 and/or 2 for additional services.
  Complete items 3, 4a, and 4b.
- c3 Print your name and address on the reverse of this form s card to you.
  o Attach this form to the front of the mailpiece, or on the ba m       permit.
  oWrite *"Return Receipt Requested'* on the mailpiece belov, the article number. 0 The Return Receipt will show to whom the article was del vered and the date p delivered.

that we can return this

I also wish to receive the following services (for an extra fee):

k' If space does not

1 • 0 Addressee's Address
ai ~y
2• p Restricted Delivery
m 3. Article Addressed to: Wy1ISS fOU-t

o $C_t$ U
    N

            -*y*ⱼ₍⅞₎*y*, ~en u ℭ

w 5-1 0

                        ® ~D (

a Z

3 0 A
8. Addressee's Address *(Only if requested and fee is paid)*



G.
0

4a. Article Number                                              m

TOb 6 -W /S

~ 600 / 6037

0          ,

4b. Service Type 0 Registered ~B;Certified 0 Express Mail O insured $k<eturn Receipt for Merchandise 0 COD
d

tT c
N a L
7. Date of Delivery

A                                    5r
/

5. Received By: (Print Name)

lx
0 6. Signatur Add          ee or Agent,)

~~
PS For 3811, December 1994

102595•99-8-0223 Domestic Return Receipt

## NOTICE UNDER MECHANIC'S LIEN LAW FOR ACCOUNT OF PUBLIC IMPROVEMENT

To the City of New Rochelle, Department of Public Works, 515 North Avenue, New Rochelle, New York 10801.

PLEASE TAKE NOTICE, that BYRAM READY MD( INC., being a New York corporation whose business address is at 56 Lafayette Avenue, White Plains, New York 10603 and whose principal place of business is at 56 Lafayette Avenue, White Plains, New York 10603, has and claims a lien for the principal and interest of the agreed price and value of the labor and material hereinafter mentioned upon the moneys of such municipal corporation applicable to the construction of the public improvement hereinafter mentioned, to the extent of the amount due or to become due in and on the contract with said municipal corporation hereinafter described, and hereby further state:

1. The name of the contractor for whom the labor was perform,bd and materials furnished is Frank Tricarico Contractors, Inc., 3951 Provost Avenue, gronx, New York 10466.

2. The amount due or to become due the lienor if $86,465.34. The amount due the lienor is $86,465.34. The total amount claimed to be due or to become due for which this lien is filed is $86,465.34.

3. A description of the public improvement upon which the labor was performed and materials expended is as follows:

Widening of North Avenue in the City of New Rochelle, County of Westchester and State of New York, Project No. 04-597-P9.

4. The labor performed was none.

The material furnished was concrete and other masonry supplies.

The material actually manufactured for but not delivered to ~aid public improvement is: none.

5. A general description of the contract pursuant to which such public improvement was constructed is as follows:

Widening of North Avenue in the City of New Rochelle, County of Westchester, State of New York, Project No. 04-597-P9.

6. The labor and materials above specified were actually performed and furnished, and had been actually used in the execution of the contract aforementioned; and the materials actually manufactured for, but not delivered to, the improvement were actually so manufactured for use in the execution of the said contract.

7. Thirty days have not elapsed since the completion and acic4tance of the construction of said public improvement.

8. The statements and matters in paragraphs numbered 3 and 5 herein are alleged on information and belief.

Dated: February 21, 2008

B:



Leonard J. Luiso, President

ACKNOWLEDGMENT

STATE OF NEW YORK            )
                             )

ss.: COUNTY OF
WESTCHESTER )

LEONARD J. LUISO, being duly sworn, deposes and gays that deponent is the

President of BYRAM READY MIX, INC. herein, that deponent has read the foregoing

notice of lien and knows the contents thereof, and that the same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged upon information and belief,

and as to those matters believes them to be true.

The reason why this verification is made by deponent is that deponent is an officer, to

wit, the President of BYRAM READY MIX, INC. which is a domestic corporation, and

deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and the grounds:of deponent's belief as to

all matters not therein stated upon deponent's knowledge are as follows: books and

records of the corporation.



Swo          re me this bruary 2008.

Leonard J. Luiso

13RlkN R. HOC9
N(y'~+."V riub,'^. 'S=F:? of *New* YD&'

10 **131** 1

°° -------- ° --------- °----------------------- X

**BYRAM READY MIX, INC.** 56 Lafayette Avenue White
Plains, N.Y. 10603

Claimant

-against

FRANK TRICARICO CONTRACTORS, INC.

                                              x


Amount:      $86,465.34


NOTICE UNDER MECHANIC'S LIEN LAW FOR ACCOUNT OF PUBLIC

IMPROVEMENT

**BRIAN R. HOCH,**
**ESQ.** Attorney for
Lienor 3 Barker
Avenue
White Plains, New York
10601 (914) 421-1900


AFFIRMATION OF SERVICE


BRIAN R. HOCH, ESQ. an attorney duly admitted to practice law before

the Courts of the State of New York hereby affirms the following under the penalties of

perjury:


1. On February 26, 2008, I served a Notice Under Mechanic's Lien Law For Account
of Public Improvement by certified mail return-receipt requested to:

Commissioner of Finance
City of New
Rochelle 515
North Avenue
New Rochelle, New York 10801


Dated: White Plains, New York February 26, 2008



Ahr1RMATION OF SERVICE

BRIAN R. HOCH, ESQ. an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalties of perjury:

    1. On February 26, 2008, I served a Notice Under Mechanic's Lien Law For Account of Public Improvement by certified mail return-receipt requested to:

> City of New Rochelle
> Department of Public
> Works 515 North
> Avenue
> New Rochelle, New York 10801

    Dated: White Plains, New York February 26, 2008

           BRIAN R. HOCH, ESQ.



U.S. Postal ServiceTA CERTIFIED MAILTM RECEIPT

.(Domestic Mail Only; No Insurance Coverage Provided) ' _ For delivery information visit our website at vrww.usps.comj)

    Oostage

Certi~ied Fee

    Return Re4ipt Fee (Endorsement Rruired)

Restricted Del rypee (Endorsement R quired)

        Total Postage ~ Fees

        Postmark Here

..0 0 O fti



*neec dp*

k5⁻ *orPOBox* NO          f'kk .

.........................°– ^–––––................. ––––––. ` ..............M

_~~ *City* IV, *ZIP+J y~~r' ~–"~* ,|6  1 *nQ0´*

# U.S, Postal Service ₘ, GE'FiTIFIED MAIL,. RECEIPT

*rrestic Mail Only,- No Insurance Coverage Provided)*



~ New Hockell , NY 10801

FS Fer:: 3801 August 20.e                    Sn? Revision for Instructions

| | | |
|---|---|---|
| For delivery information | visit our website | at www.usps.oom¢~ |
| | Po~tage | |
| Certifie!Fee | | |
| Return Receipt Fee (Endorsement ired) | | |
| Restricted DeliveFee (Endorsement ired) | | Postmark Here |
| | Req | |
| Total Postage &IFees | | |

*ant o*

(SS~       *+'tfu"-cr*   *r ~"'~* ₐₐ

$ieei, Apd. *No.;* ........_... –––––––––––––°–––°°°.°.. ...................................... *or PO Box No.* I **S**
°– _ °° –––––––––––––– ^ –––––––––––– .°.° ––––––––– °–––°°–°–*City,* tate, Z/W

---

**SENDER:**

I also wish to receive the following services (for an extra fee):

p complete items t and/or 2 br additional services.
Complete items 3. 4a. and t4b.
p Print your name and address on the reverse of this form so that we can return card to you.
t7 Attach this form to the front of the mailpiece, or on the back if space does not permit.

E3 The Return Receipt will show to whom the article was delivered and the date delivered

2. O Restricted Delivery

| | 4a. Article Number |
|---|---|
| Article Addressed to: | 7006 alsb o00 / ~03`7  ~R⁰R ~ |
| | /.b.    Type    Service |
| | Mail       1₂' Certified |
| | ~Express    1:3 Insured |
| | 2 "Return Receipt for merchandise l:1 COD |
| | 7. Date of Delivery |
| | ~-aq-v~ |
| 5. Re ed By: 'nt Name) | 8. Addressee's Address *(Only if requested and fee is paid)* |

6. Si

*in.w......... e:.... Myafl*

Receipt

- **SENDER:**

*in* 0 Complete items 1 an i;;r 2 for additional services.
m     Complete items 3, 4a. arid 4b.
      p Print your name and address on the reverse of this form so that we can return this > •     card to you.
m     p Attach this form to the ?front of the mailpiece, or on the back if space does not
•       permit.
t p Write *'Aefum Receipt :i,lquested'on* the mailpiece below the article number.
•       0 The Return Receipt will, :;how to whom the article was delivered and the date
•       delivered.

3. Article Addressc-~a to:

CL                              *p* 0

I _

—

*{hft"* $_{t'\!}$(~ 10 $^{g©}$ (

a>

2• 0 Restricted Delivery

I also wish to receive the followlng servi(.es (for an extra fee):

1 • 0 Addressee's Address
N

ʊ    *ʃt..t*
*LAAA*

*0 ~1*

4b. Service Type
Cl Registered Certified

*O*-Ex~press Mail        0 Insured .CJ Return Receipt for Merchandise 0 COD
Z

F, S. Recei *B . rint ft.me)*          i

0 6. Si ature *(A $_d$ _____ sa or Agent)*

**a.**
ᵃ')
d
'

4a. Article Number

*7,0060Sb000 ( (' 037962-0* _

O! c
N

Date of Deliver .                        °

*O*

8. Addressee's Address *(Only If requested and C fee is paid)*        *t r*

7.

N

PS Form 3811, December 1994

*10:'_s55.99. B-0223* Domestic Return Receipt

AFFIRMATION OF SERVICE

BRIAN R. HOCH, ESQ. an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalties of perjury:

1. On February 26, 2008, I served a Notice Under Mechanic's Lien Law ]For Account of Public Improvement by certified mail return-receipt requested to:

Frank Tricarico Contractors,
Inc. 3951 Provost Avenue
Bronx, New York 10466

Dated: White Plains, New York February 26, 2008

BRIAN R. HOCH, ESQ.



rM 0 ..0

r-9 O O O

O
Lrt

r-9 fl.l

. O O f'

## U.S. Postal Service-r. CEF~,,'TIFIED MAIL, RECEIPT

**(Domagtic Mail** Only; No Insurance Coverage Provided)

For *livery information visit our website at www.usps.cqm,>

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Req.red) | | |
| Restricted Delivery Fee (Endorsement ¨¨ | | |
| Total Postage & Fees | | |

~Jen To   .T

Ir l e    'Mi k'~'~'~°
~(;~.~'Mi

~vpti No.; `¯---------------------. ----°°----------- ° ●----° ------- °-----------------°--
Sire f .,~ orPOBoxNo. ,3~f

or    5/._~'/a`/Qsf 1f'ti

~ sz— _ . ..— —•—°!! ~.~ -------------------- °-     - ..........................



i© y~ 4
PS Form 3800, August 2006
See Reverse for Instructioris

"THE RETURN ADD41ES5, FOLD AT DOTTED LINE  --------------------r®–a------------------------------------r

*CERiIF/ED MAIL,*

LAW OFFICES

**BRIAN R. HOCH**

3 BARKER AVENUE
WHITE PLAINS, NEW YORK 10601

*ii*

# Oil

# i1

7006 2150 0001 603? 8590

Frank Tricari--:~ IC"OntCc?GtQCS, Inc.
)5- Provost Avenue
Bronx, New Yo-','^ ^~,ᶜ



a 042J80065620

04 Q
02/2610£i
f4ailed From 10601.



**3:∎,∎** ;._.-•:~: ;~...:=:1     &~.Vlg

>ds~~        -100 ¹⁴⁹ᵗ a -            9® owxaoom

RETURN TO SENDER UNCLAIMED UNAMLE TO FORWARD

i

BC: 1060.11S0999          *0350-006*5--26-47

I-„IIII--->,-Ih-II--~~~~II„-II>,IrIIII-~~-I-I—I-I>,-I-I—I-I-II

## AFFIRMATION OF SERVICE

BRIAN R. HOCH, ESQ. an attorney duly admitted to practice law before

the Courts of the State of New York hereby affirms the following under the penalties of

perjury:

1. On February 26, 2008, I served a Notice Under Mechanic's Lien Law For Account
of Public Improvement by certified mail return-receipt requested to:

Frank Tricarico Contractors,
Inc. 3951 Provost Avenue
Bronx, New York 10466

Dated: White Plains, New York February 26, 2008



BRIAN R. HOCH, ESQ.

U.S. Postal Service,.
CERTIFIED IWAILT RECEIPT



M *(Domestic Alah Only; No Insurance Coverage           Provided)*

mn    For delivery information

M       ~ f
ED      snip *

.u      Certified Fee    *y<~

r-1     Return Receipt Fee
ED      (Endorsement Required)
EM
ED      rioted (se'very Fee

o
~       Totai Postage & gees· ~

~
C
r      -- ----- -------- --------------------------

PS Form 3800. Augu

~ ²4 /OY424'

See Reverse for Instructions -

PLACE STIC ER AT T¢A' OF ENVELOPE TO THE RIGHT .

OF THE RETURN ADDRESS, FOLD AT DOTTED = ----------------------

*CERTIFIED MAIL*

**LAW OFFICES**

BRIAN R. HoCH

3 BARKER AVENUE
WHITE PLAINS, NEW YORK 10601



042J80465620e ~ʜ**LLJ** ®

9¹.
02126/08

7006 2150 0001 6037 8583

1V9aited Fmrn 1()601



1-rartK *l"Picar;*cej Gc,niraotors, Inc. 39Slf Provost Avenue **Bronx,
New** Yc ' ' ‐ ‐

.~.~~~ .......... too ~I,.. ~          ___˙q˙p˙ 03l143/08

**RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD**
OC: **1ta6011Spg9b**          *iSf33•-OS₆r*7-$13-s.^;3*

**10s0a0IS®9**

**BBIBMICIB** E-ceíaílr, Publísher, NYC 10013

[www.blumberg.com](www.blumberg.com)

SUPREME  COURT OF THE  STATE  OF  NEW  YORK

COUNTY OF WESTCHESTER          Index No.          Year

BYRAM CONCRETE & SUPPLY, INC. and BYRAM
READY MIX, INC.,

*against*

CITY OF NEW ROCHELLE and FRANK TRICARICO
CONTRACTORS, et al.,

*Plaintiff(s)*

*Defendant(s)*

SUMMONS AND VERIFIED COMPLAINT '

'

BRIAN R. HOCH, ESQ.
Attorney(s) for
Plaintiffs
Office and Post Office Address, Telephone
3 Barker Avenue
White Plains, New York 10601 914-421-1900

To

Signature (Rule 130-1.1••a)

Attorney(s) for

Print name beneath

Service of a copy of the within is hereby admitted. Dated:

PLEASE TAKE NOTICE:

F] NOTICE OF ENTRY

that the within is a                      true copy of a
duly entered in the office of the clerk of the within named court on

n NOTICE OF SETTLEMENT

that an order

will be presented for settlement to the HON.
within named Court, SUPREME

on                                                    at                        M

Dated

                                                                    ,

of which the within is a true copy one of the judges of the

                                            Yours, etc.
                                            RRT21i\T P

                                    unru 7. cn



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
                                                        X

BYRAM CONCRETE & SUPPLY, INC. and               Index No.:
433/09 BYRAM READY MIX, INC.,

                            Plaintiffs,         **VERIFIED
                                                ANSWER
                                                WITH
                                                SETOFF
            -against-                           AND**
            **COUNTERCLAIM**

CITY OF NEW ROCHELLE, FRANK
TRICARICO CONTRACTORS, INC. and
FRANK TRICARICO,

                            Defendants.
                                                        X


    Defendants, FRANK TRICARICO CONTRACTORS, INC. and FRANK

TRICARICO (the "answering defendants"), by their attorneys The McDonough Law Firm,

L.L.P., as and for their verified answer to the verified complaint, states as follows:



                        **FIRST CAUSE OF ACTION**

1.      Admit the allegations contained in paragraphs 4, 5 and 6 of the verified
complaint.

2.      Deny the allegations contained in paragraphs 3, 7, 8 and 13 of the verified complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 1, 2 and 12 of the verified complaint.

4.      Deny the allegations contained in paragraph 9 of the verified complaint and refer the

Court to the alleged liens for their terms and import.

5.      Deny the allegations contained in paragraphs 10 and 11 of the verified

complaint and refer all questions of law to the Court.

## SECOND CAUSE OF ACTION

6.      Defendants repeat and reallege their responses to paragraphs 1 through 13 for their

answer to paragraph 14 of the verified complaint, as if fully set forth.

7.      Deny the allegations contained in paragraphs 15, 16 and 17 of the verified complaint.

## THIRD CAUSE OF ACTION

8.      Defendants repeat and reallege their responses to paragraphs 1 through 17 for

their answer to paragraph 18 of the verified complaint, as if fully set forth.

9.      Deny the allegations contained in paragraphs 19,20,21,22,23,:24,25,26,27,28

and 29 of the verified complaint.

## FOURTH CAUSE OF ACTION

10.      Defendants repeat and reallege their responses to paragraphs 1 through 29 for their

answer to paragraph 30 of the verified complaint, as if fully set forth.

11.      Deny the allegations contained in paragraphs 31, 32 and 33 of the verified

complaint.

## FIFTH CAUSE OF ACTION

12.    Defendants repeat and reallege their responses to paragraphs l. through 33 for their

answer to paragraph 34 of the verified complaint, as if fully set forth.

13.    Deny the allegations contained in paragraphs 35 and 36 of the verified complaint.

2

## SEVENTH AFFIRMATIVE DEFENSE

20.    Plaintiffs' complaint is barred and/or offset by the damage to defendants

Frank Tricarico Contractors, Inc. and Frank Tricarico, individually.


## AS AND FOR DEFENDANTS FIRST SETOFF

## AND COUNTERCLAIM AGAINST PLAINTIFFS

21. Upon information and belief, Byram Concrete and Supply, Inc. is a corporation

organized under the laws of the State of New York with its principal offices at 56 Lafayette

Avenue, White Plains, New York.

22. Upon information and belief, plaintiff Byram Ready Mix, Inc. is a corporation

organized under the laws of the State of New York with its principal offices at 56 Lafayette

Avenue, White Plains, New York.

23.    Defendant Frank Tricarico Contractors, Inc. is a domestic corporation

organized and existing under the laws of the State of New York.


24.    Defendant Frank Tricarico is an individual who resides in the State of New York.

25.    Plaintiffs entered into an agreement with Defendants to supply certain

materials and supplies.

26.    Plaintiffs failed to provide and deliver materials and supplies as required by

the agreement.

27.    Plaintiffs breached their agreement by failing to perform in a proper manner and by failing to timely deliver materials and supplies as required under the agreement.

28.    Plaintiffs breached their agreement with Defendants and caused damages to

4



SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF WESTCHESTER

-------- =        x

BYRAM CONCRETE & SUPPLY, INC, and
BYRAM READY MIX, INC.,                                : **Index No.,, 433/2008**

Plaintiffs,

- against -

: **VERIFIED ANSWER FOR**

CITY OF NEW ROCHELLE, FRANK TRICARICO    : **CITY OF NEW ROCHELLE** CONTRACTORS, INC. and FRANK TRICARICO,

Defendants.                                :

--------------------------------------- =        x

Defendant City of New Rochelle ("City"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its verified answer, alleges as follows:

**<u>As and For a Response to the First Cause of Action</u>**

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶1 of the complaint.

2.    Denies the allegations contained in ¶2 of the complaint, except admits

that the City is a municipal corporation organized and existing under the laws of the state of New York.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶3 of the complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶4 of the complaint.

5. Denies the truth of the allegations contained in ¶5 of the complaint, and respectfully refers to the agreement for Project No. 04-597-P9 for the true; and correct contents thereof.

2277464.1

I

6.              Denies the truth of the allegations contained in ¶6 of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶7 of the complaint.

8.      Denies the truth of the allegations contained in ¶8 of the complaint, and respectfully refers all questions of law to the Court.

9.      Denies the truth of the allegations contained in ¶9 of the complaint, and respectfully refers all questions of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in 1110 of the complaint, and respectfully refers all questions of law to the Court.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in 1112 of the complaint, except denies that any sums are due and owing from the City to defendant Frank Tricarico Contractors, Inc.

13.     Denies the truth of the allegations contained in ¶13 of the complaint, and respectfully refers all questions of law to the Court.

### As and For a Response to the Second Cause of Action

14.     Repeats and realleges each response to paragraphs I through 13 above as if fully set forth herein.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶15 of the complaint.

2
2277464.1

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶16 of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶17 of the complaint.

### As and For a Response to the Third Cause of Action

18.     Repeats and realleges each response to paragraphs I through 17 above as if fully set forth herein.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶19 of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶20 of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in ¶21 of the complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶22 of the complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶23 of the complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in JJ24 of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in 1125 of the complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶26 of the complaint.

3
2277464.1

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶27 of the complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶28 of the complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶29 of the complaint.

**As and For a Response to the Third Cause of Action**

30.    Repeats and realleges each response to paragraphs 1 through 29 above as if fully set forth herein.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶32 of the complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶33 of the complaint.

### As and For a Response to the Fifth Cause of Action

34.     Repeats and realleges each response to paragraphs 1 through 33 above as if fully set forth herein.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶35 of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶36 of the complaint.

2277464.1

4

## AS AND FOR THE CITY'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

37.     The complaint fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

38.     The liens alleged in the complaint fail to conform to the statutory requirements set forth in the relevant provisions of Article 2 of the New York Lien Law.

### Third Affirmative Defense

39.     Plaintiff failed to comply with the provisions of Section 127 of the New Rochelle City Charter.

### Fourth Affirmative Defense

40.     Plaintiffs lack privity of contract with the City of New Rochelle.

### Fifth Affirmative Defense

41. Upon information and belief, plaintiffs have been paid in full by defendants Frank Tricarico Contractors, Inc. and/or Frank Tricarico for any materials supplied by plaintiffs in connection with the North Avenue Road Widening Project.

### AS AND FOR THE CITY'S CROSS CLAIMS AGAINST
### DEFENDANT FRANK TRICARIO CONTRACTORS, INC.

42. The City of New Rochelle entered into a contract with Frank Tricarico Contractors, Inc. for a project entitled: CITY OF NEW ROCHELLE NORTH AVENUE ROAD WIDENING (COLLEGE DISTRICT) FIFTH AVENUE TO EASTCHESTER ROAD, PROJECT # 04-597-P9 (the "Contract").

43. The Contract contains an "Indemnification Agreement," at page H-1 thereof, stating as follows:

2277464.1

5

*The Contractor agrees to protect, defend, indemnify and hold the City of New Rochelle,* Dolph Rotfeld Engineering, P.C., I.Q. Landscape Architects, Accurate Engineering Associates and any agents, officers, employees and consultants of any of them; *free and harmless from any and all losses, penalties, damages, settlements, costs, charges, professional fees or other expenses or liabilities of every kind and character arising out of or relating to any and all claims,* liens, demands, obligations, actions, proceedings *or causes of action of every kind and character in connection with or arising directly or indirectly out of this agreement and/or the pe~formance hereof* without limiting the generality of the foregoing, any and all such claims, etc., relating to personal injury, death, damage to property, defects in materials or workmanship, actual or alleged infringement of any patent, trademark, copyright (or application for any thereof) or of any other tangible or intangible personal or property right, or any actual or alleged violation of any applicable statute, ordinance, administrative order, rule or regulation, decree of any court, shall be included in the indemnity hereunder. *The Contractor further agrees to investigate, handle, respond to, provide defense for and defend any such claims, etc., at his sole expense and agrees to bear all the costs and expenses related thereto, even if it (claims, etc.), is groundless, false or fraudulent.* In any case in which such indemnification would violate Section 5-322.1 of the New York General Obligations Law, or any other applicable legal prohibition, the foregoing provisions concerning indemnification shall not be construed to indemnify the Owner for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the owner, or its employees.

Contract, at p. H-1 (emphasis added).

44. Pursuant to the Indemnification Agreement contained in Section H of the Contract, defendant City of New Rochelle is entitled to indemnification from defendant Frank Tricarico Contractors, Inc. from and against any judgment that might be entered against the City as alleged herein, and for reimbursement of all costs, expenses and fees, including attorneys' fees, incurred in the defense and/or settlement of the claims alleged herein.

*6*

2277464.1

WHEREFORE, the Defendant City of New Rochelle demands judgment as follows: (i) dismissing the verified complaint with prejudice; (ii) requiring defendant Frank Tricarico Contractors, Inc. to reimburse the City for all costs, expenses and fees, including attorneys' fees, incurred in the defense and/or settlement of the claims alleged herein; (iii) requiring defendant Frank Tricarico Contractors, Inc. to indemnify the City against any judgment that might be entered against the City herein; and (iv) for such other, different and further relief as the Court in its discretion may deem just and proper.

Dated: White Plains, New York March 20, 2009

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant The City of
New Rochelle

Lalit K. Loomba

3 Gannett Drive
White Plains, NY 10604
(914) 323-7000 File No.
07367.00085

TO:

BRIAN R. HOCH,
ESQ. Attorneys for
Plaintiffs 3 Barker
Avenue White Plains,
NY 10601 (914) 421-
1900

THE McDONOi1CJH LAW FIRM,
LLC Attorneys for defendants Frank
Tricarico Contractors, Inc. and Frank
Tricarico 145 Huguenot Street
New Rochelle, NY 10801
(914) 632-4700
Attn: Frank T. Cara, Esq.

7
2277464.1

**Verification**

Lalit K. Loomba, an attorney admitted to practice law before the Courts of the State

of New York hereby verifies:

I am an associate with the firm of Wilson, Elser, Moskowitz, Edelman & Dicker

LLP, the attorneys for defendant the City of New Rochelle. I have reviewed the foregoing

answer and affirmative defenses and know the allegations therein to be true, except as to

those matters which are alleged on information and belief, as to which I

believe them to be true. I make this verification on behalf of defendant the City of New

Rochelle pursuant to CPLR §3020(d)(2) based on my review of the records and files

maintained by this office in this action.

..-            ~.

..--

Lalit K. Loomba



Sworn to before me this 'Deday of March 2009

Notary Public

PATRICIA HARRIS
NOTARY PUBLIC, State of New York
No. 01HA6165423
oualinee in westchester county
CpnvnissiOn Expires May 7, 2011



8